UNITED STATES of America, Appellee,

v.

Marvin Clyde LINCOLN, Appellant.

No. 76–1217.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1976.

Decided Oct. 15, 1976.

Thomas S. Richardson, Jr., St. Louis, Mo., for appellant.

David D. Noce, Asst. U.S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U.S. Atty., St. Louis, on brief.

Before GIBSON, Chief Judge, MARKEY * and STEPHENSON, Circuit Judges.

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

STEPHENSON, Circuit Judge.

Defendant appeals from his jury conviction on Count I of making a written threat on September 20, 1975, to take the life of the President of the United States in violation of 18 U.S.C. § 871.[1] The principal issue on this appeal is whether the trial court abused its discretion in denying defendant's motion under 18 U.S.C. § 3006A(e)(1) for appointment of an independent psychiatrist of his own choosing. We affirm.

The facts are undisputed. Appellant does not contest the sufficiency of the evidence. Defendant, a prisoner of the state of Missouri, while incarcerated at the Missouri Training Center for Men at Moberly, Missouri, composed and deposited in the mails a letter threatening the life of the President of the United States. During the course of the investigation that followed, defendant, after being properly warned of his *Miranda* rights, confessed to authorship of the letter. During the interview defendant made a second oral threat on the life of the President which was the subject of Count II of the indictment on which defendant was acquitted.

At the time of his original arraignment on November 17, 1975, defendant's counsel filed a motion for determination of defendant's mental competency to stand trial as provided for in 18 U.S.C. § 4244. The trial court promptly sustained the motion and ordered a psychiatric examination at the Federal Medical Center, Springfield, Missouri. The order directed that defendant be examined as to both his competency to stand trial and his criminal responsibility at the time of the offense.

The report from the Federal Medical Center was received by the district court and forwarded to counsel for the defendant and the government on December 15, 1975. The psychiatric evaluation included a report by Dr. Bancroft Brooks, Staff Psychiatrist, concluding that defendant was mentally

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, presiding, imposed a sentence of five years imprisonment.

competent to stand trial, and a Report of Psychiatric Staff Examination by Dr. H. B. Fain, Chief Forensic Service, stating it was the opinion of the staff that defendant was mentally competent to stand trial and responsible at the time of the alleged offense.

Thereafter, on December 29, 1975, after giving notice to the government of his intent to rely on the defense of insanity at the time of the offense, defendant filed a motion for the appointment of Dr. Gary Kulak, a psychiatrist, "to test and examine him for the possible purpose of appearing at trial to testify in support of defendant's defense based upon mental condition." On January 16, 1975, the district court conducted a hearing on this motion and at the conclusion thereof stated:

> My lay judgment [is that] Mr. Lincoln doesn't even give the minimal indication to me in the record that I have that he has the kind of mental problems that would justify the government sending him around on a fishing expedition, to find some kind of psychiatrist to say he does have. I realize the law in this field.
>
> This report from the Bureau of Prisons is pretty clear in that regard.
>
> Apparently he doesn't make any claim, I didn't want to cross-examine him as a lawyer in this area, but he seems pretty balanced about knowing what is going on. This suicide attempt or two is very unfortunate and sad, but they sure don't indicate to me necessarily any kind of thing we're talking about to make a man not responsible for his actions.
>
> I'll take a look at it and I'll issue an order today.

Later that day the district court filed an order pursuant to 18 U.S.C. § 3006A(e)(1) providing that defendant be examined as to his mental condition by Dr. Joseph S. Shuman, a St. Louis psychiatrist, for the purpose of determining "defendant's present capacity to understand the proceedings against him and to assist in his own defense, and also said defendant's mental

state and capacity for criminal responsibility on the date of the offenses alleged against him in the indictment" and further directed that the psychiatrist report his findings to the court. Dr. Shuman's report dated February 7, 1976, addressed to Judge Nangle concluded that defendant was competent to stand trial and competent at the time of the offense. A copy of the report was made available to both counsel.

On February 11, 1976, counsel for defendant again filed a motion for the appointment of Dr. Kulak to test and examine his client. In this motion counsel indicated he had visited with Dr. Shuman but urged for the first time that under 18 U.S.C. § 3006A(e)(1) he was entitled to be examined by a psychiatrist of his own choosing. The motion was denied.

During the course of the trial defendant did not call a psychiatrist to testify but offered the testimony of lay witnesses that defendant had a history of mental illness in his early youth and had psychiatric treatment at the age of 16; that shortly thereafter he was incarcerated after conviction of a felony and had spent most of his time in prisons for various offenses. At the present time defendant is 27 years of age. Appellant testified that he had attempted suicide, used drugs in prison and had had psychiatric care at the Federal Medical Center in about 1971. The government in rebuttal called Dr. Brooks of the Federal Medical Center staff who testified that it was his opinion that defendant had never suffered from mental disease or defect and that during the period of the alleged offense defendant had the capacity to conform his conduct to the law and did appreciate right from wrong. It was his further statement that defendant had not attempted suicide but had feigned the same to draw sympathy.

We must determine whether the trial court abused its discretion in denying defendant's motion for appointment of a psychiatrist of his own choosing.[2] We note

---

2. Appellant asserts district court error in (1) the appointment of Dr. Shuman in lieu of Dr. Kulak; (2) the denial of his renewed motion for appointment of Dr. Kulak; and (3) the require-

that initially defendant moved for a determination of his mental competency to stand trial pursuant to 18 U.S.C. § 4244. The district court granted the motion but included in the order a direction that defendant also be examined as to his criminal responsibility at the time of the offense. No objection was made to this order. We have approved such a procedure. In *United States v. Reifsteck,* 535 F.2d 1030, 1033 (8th Cir. 1976), we stated:

> The purpose of psychiatric examination under section 4244 is only to establish defendant's competency to stand trial. *United States v. Maret,* 433 F.2d 1064, 1067 (8th Cir. 1970), *cert. denied,* 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971). " * * * [S]ection 4244 does not authorize an order compelling a defendant to submit to a psychiatric examination to determine his sanity at the time of the offense * * *." *United States v. Malcolm,* 475 F.2d 420, 424 (9th Cir. 1973). *See also United States v. Albright,* 388 F.2d 719, 722 (4th Cir. 1968). However, the court may order such an examination within its inherent power, *id.; see also Alexander v. United States,* 380 F.2d 33, 39 (8th Cir. 1967); *United States v. Moudy,* 462 F.2d 694, 697 (5th Cir. 1972), and Fed.R.Crim.P. 12.2(c) not yet in effect at trial, now specifically permits such an examination. We are aware of no rule prohibiting an order, as was entered in this case, authorizing an examination of defendant's competency at the time of the offense contemporaneous with an examination of defendant's competency to stand trial. We perceive strong reasons for permitting such a dual examination.
>
> > This allows economy of judicial and medical efforts, * * * and of the accused's time. In a sense, the discretion to enlarge the examination does * · * * expose him to the possibility of bolstering the government's case. But, in the end, all concerned—court,

counsel, and parties—have an interest in determining if the accused was incompetent at the time of the offense, * * *.

*United States v. Moudy, supra,* 462 F.2d at 697.

After receiving the report from the Federal Medical Center defendant's counsel moved for the appointment of a designated psychiatrist, Dr. Kulak, without giving a specific reason therefor other than the statement that defendant had told his counsel that his contact with the psychiatrists at the Springfield Medical Center had been very limited and consisted of only short interviews and was void of any detailed testing.[3] The district court, as previously indicated, although expressing doubt as to the need therefor, appointed another psychiatrist, Dr. Shuman. No objection with respect to Dr. Shuman's qualifications was made by the defendant. After the report was received and Dr. Shuman had been interviewed by defendant's counsel, defendant again asked for the appointment of Dr. Kulak. For the first time defendant requested that the appointment be made under 18 U.S.C. § 3006A(e)(1).

Appellant in effect insists that we adopt a per se rule requiring the appointment of a psychiatrist of defendant's choosing when so requested under 18 U.S.C. § 3006A(e)(1). This we refuse to do.

▋ Ordinarily when defendant's counsel has made a reasonable showing of the need for psychiatric services in presenting a defense to the charge such services should be provided under 18 U.S.C. § 3006A(e)(1). *Brinkley v. United States,* 498 F.2d 505 (8th Cir. 1974); *United States v. Schultz,* 431 F.2d 907 (8th Cir. 1970). In determining the reasonableness of such a request the court may consider the results of other competency examinations. *Brinkley, supra,* 498 F.2d at 510 n.2; *United States v. Maret,* 433 F.2d 1064 (8th Cir. 1970), *cert. denied,* 402

---

ment that Dr. Shuman report his findings to the court.

3. The Medical Center reports, to the contrary, indicate defendant had "undergone a battery of psychiatric testing."

U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971).

The matter of choice of psychiatrist has also received our attention. In *United States v. McNally,* 485 F.2d 398, 406 (8th Cir. 1973), we recognize that "Although the appointment of an expert of defendant's choice may be appropriate in many instances, the District Court should not be restricted by defendant's personal selection." We also noted that in *United States v. Matthews,* 472 F.2d 1173 (4th Cir. 1973), "Although that court did say that the psychiatrist preferred by the defendant should be selected by the court unless some reason exists for making an independent choice, the court continued to say that '[w]e do not hold that the district judge must *always* appoint a psychiatrist chosen by the defendant, but we think he should ordinarily do so.'" *McNally, supra,* 485 F.2d at 405.

■ We also note that other courts have expressed the view that it is ordinarily desirable to appoint under section 3006A(e)(1) a psychiatrist preferred by the defendant. *United States v. Bass,* 477 F.2d 723, 725–26 (9th Cir. 1973); *United States v. Edwards,* 488 F.2d 1154, 1162–63 (5th Cir. 1974). In this connection it must be kept in mind that when an insanity defense is appropriate the indigent defendant is entitled to psychiatric assistance necessary to both the preparation and presentation of an adequate defense. *Brinkley v. United States, supra.*

■ Turning to the case before us we cannot say that the district court abused its discretion in refusing to appoint the psychiatrist designated by defendant's counsel. The initial report from the Federal Medical Center expressed the opinion that defendant was mentally competent to stand trial and responsible at the time the offense was committed. After conducting a hearing on defendant's request the court stated it had serious reservations as to the need for fur-

ther psychiatric examination. Nevertheless the court selected another psychiatrist, Dr. Shuman, and provided for an additional competency examination. At that time no objection was made by defendant's counsel to this action.[4] It was not until after Dr. Shuman's report had been received and defendant's counsel had visited with him that a second request was made for the appointment of Dr. Kulak, this time under 18 U.S.C. § 3006A. No request for an ex parte hearing was made by defendant or reasons given as to the need for an additional examination other than a statement that he was entitled to be examined by a psychiatrist of his own choosing under 18 U.S.C. § 3006A. We are satisfied there was no abuse of discretion by the district court or prejudice to the defendant in the refusal to appoint Dr. Kulak.

■ Appellant further urges that the court erred in requiring that Dr. Shuman report his findings to the court. The court furnished the report to both counsel for the defendant and the government. The difficulty is that prior to filing this appeal no objection was made to the order of the court. Neither was a request ever made that the government not be provided a copy of the report.[5] Under the circumstances we fail to find abuse of discretion in the distribution of the report.

Affirmed.

---

4. At the close of the government's evidence counsel did state for the record that he considered the appointment of Dr. Shuman in effect a denial of his motion to have Dr. Kulak appointed.

5. If appellant had chosen to call Dr. Shuman as his witness he would have been subject to the reciprocal disclosure requirements of Fed.R. Crim.P. Rule 16(b)(1)(B).