2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Dale Conrad MCQUISTON, Appellant.
 No. 92-3693.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 21, 1993.
Filed: August 2, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dale Conrad McQuiston appeals his conviction for escape from federal custody in violation of 18 U.S.C. Sec. 751(a). McQuiston argues that the district court erred in not granting his request for a psychiatric examination. We affirm.
 
 
 2
 In May 1992, prior to trial of the escape charge, McQuiston filed a notice that he intended to present an insanity defense and requested a psychiatric examination. The government responded by submitting a March 1992 psychiatric report previously submitted to the Western District of Arkansas in connection with robbery charges pending against McQuiston in that court. The report concluded that McQuiston was competent to stand trial in early 1992 and was competent at the time of the Arkansas robberies in 1987 and 1988. The report also stated that a competency evaluation and hearing held shortly after McQuiston's February 1990 escape had reached the "ultimate opinion" that McQuiston "was consciously seeking to exaggerate or misrepresent psychological functioning and was ... competent to stand trial."
 
 
 3
 McQuiston did not reply to the government's submission, and the district court[1] denied his request for another psychiatric examination. A jury subsequently rejected his insanity claim and found him guilty of escape. On appeal, McQuiston argues that he was entitled to the psychiatric examination because the Western District report did not contain an opinion on his sanity at the time of the escape.
 
 
 4
 McQuiston failed to make a reasonable showing that he needed another psychiatric examination. See United States v. Lincoln, 542 F.2d 746, 749 (8th Cir. 1976), cert. denied, 429 U.S. 1106 (1977). The Western District report not only opined that McQuiston was competent when he committed the Arkansas robberies in 1987 and 1988, but it also described in detail the numerous other psychiatric evaluations he has received in recent years, including one which found him competent to stand trial immediately after his February 1990 escape. As we observed recently in affirming his conviction for the Arkansas robberies, numerous psychologists have concluded that McQuiston was malingering during this period, so there was no abuse of discretion in refusing to order yet another examination. See United States v. McQuiston, No. 92-3666, slip op. at 3 (8th Cir. Jul. 15, 1993). Likewise, we conclude that the district court did not err in denying his request in this case.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE STEPHEN M. REASONER, Chief Judge of the United States District Court for the Eastern District of Arkansas