**UNITED STATES of America,
Plaintiff,**

v.

**Karlis Ray BAISDEN, Defendant.**

**Nos. CR11–4052–MWB,
CR11–4150–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Aug. 1, 2012.

Robert A. Knief, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Michael L. Smart, Federal Public Defender's Office, Sioux City, IA, for Defendant.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This matter is before the court on the July 23, 2012, motion (Doc. No. 40) for psychiatric examination of defendant by government expert filed by plaintiff, United States of America ("the Government"). Defendant Karlis Baisden filed a resistance (Doc. No. 41) on July 25, 2012. The court conducted a hearing on July 31, 2012. Defendant appeared personally and with his counsel, Michael Smart. Assistant United States Attorney Robert Knief appeared for the Government. The matter is now fully submitted.

## BACKGROUND

Defendant was charged with, and ultimately plead guilty to: (1) two counts of bank robbery, (2) possession of a firearm in relation to a crime of violation and (3) interstate transportation of a stolen vehicle. His sentencing hearing commenced on April 10, 2012. During the hearing, the court granted defendant's motion to continue for purposes of considering a possible psychiatric evaluation. Ultimately, defendant elected to undergo an evaluation by Dr. Terry Davis. On July 20, 2012, the Government received a copy of Dr. Davis' report, which apparently concludes that defendant "was suffering from a severe Major Depressive Disorder at the time of the robberies that impaired his judgment and diminished his capacity to fully appreciate the wrongfulness of his [acts]." Doc. 40 at 1. Defendant has confirmed that he intends to use Dr. Davis' report as mitigating evidence for purposes of sentencing. Doc. No. 41–1 at 2. Based on this information, the Government seeks entry of an order requiring defendant to submit to a psychiatric examination at the Federal Medical Center in Springfield, Missouri.

## ANALYSIS

In its motion, the Government invoked Federal Rule of Criminal Procedure 12.2 and argued that it has the right, under that rule, to conduct an independent psychiatric examination. Doc. 40 at 2–3. In his response, defendant correctly noted that Rule 12.2 does not apply to this situation. Subsection (a) imposes a notice requirement on a defendant who intends to assert a defense of insanity, which is not the case here. Subsection (b) imposes a notice requirement on a defendant who intends to introduce expert evidence con-

cerning the defendant's mental condition on "either (1) the issue of guilt or (2) the issue of punishment *in a capital case.*" Fed.R.Crim.P. 12.2(b) [emphasis added]. Defendant has already plead guilty and this is not a capital case, so neither situation is present here.

Subsection (c)(1) of Rule 12.2 is entitled "Authority to Order an Examination; Procedures," and provides as follows:

(A) The court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241.

(B) If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

Fed.R.Crim.P. 12.2(c)(1). Paragraph (A) does not apply, as defendant's competency is not at issue. And paragraph (B) does not apply because, as noted above, this is not a situation in which the defendant is required to provide notice pursuant to Rule 12.2(a) or 12.2(b).

In short, this situation is not governed by Rule 12.2. Counsel for the Government acknowledged this during the hearing. Counsel instead argued that Rule 12.2 is not the exclusive source of the court's power to order a psychiatric examination. According to the Government, the court may order such an examination when justice and fairness so require. The Government contends that where, as here, the defendant has been examined by a mental

health professional of his choosing and intends to rely on that professional's opinions for purposes of sentencing, the Government should be permitted to address that evidence by having another mental health professional evaluate defendant. The Government further contends that requiring a second evaluation would not cause unfair prejudice to defendant. While this would delay the sentencing process, the Government notes that the defendant is already in custody and is facing a substantial minimum sentence.

Defendant contends the court has no authority to order a psychiatric evaluation if not expressly permitted by rule or statute. Because it is undisputed that Rule 12.2 does not apply, and because the Government has cited no other rule or statute that would authorize a compelled evaluation under the circumstances present here, defendant argues that the court lacks the power to grant the Government's motion.[1] Defendant further argues that a compelled evaluation is unnecessary and may cause unfair prejudice.

Based on the foregoing, the court must first determine whether it has the authority to require a defendant to undergo a psychiatric evaluation in the absence of any rule or statute expressly conferring such power. If such authority exists, the court must then decide whether it is appropriate to exercise that authority under these circumstances.

### A. Does the Court Have the Authority to Compel a Psychiatric Evaluation?

 The Government acknowledges that neither Rule 12.2 nor any other rule

---

**1.** After the hearing, defense counsel brought 18 U.S.C. § 3552 to the court's attention to correct a prior assertion that the court has no statutory authority to order a psychological examination. Section 3552 allows the court to order a study of the defendant by a court-appointed expert to gather information required for determining the defendant's sentence. The court appreciates counsel's candor but finds that this situation is slightly different, as the Government is seeking to compel an examination by an expert of its choosing.

or statute expressly permits the court to grant the relief sought by the Government's motion. If defendant is correct, and such express authority is necessary, then the motion must be denied. However, federal courts addressing this issue have concluded that the court does have inherent authority to compel a criminal defendant to undergo a mental health examination.

The original version of Rule 12.2 took effect on December 1, 1975. In cases arising from orders entered before that date, the Eighth Circuit recognized that federal courts have inherent authority to order a psychiatric examination, even if not expressly authorized by statute. *See, e.g., United States v. Lincoln,* 542 F.2d 746, 749 (8th Cir.1976); *United States v. Reifsteck,* 535 F.2d 1030, 1033 (8th Cir.1976); *Alexander v. United States,* 380 F.2d 33, 39 (8th Cir.1967). As such, the question becomes whether Rule 12.2, once enacted, became the exclusive source of the court's power to compel such an examination.

The Eighth Circuit does not appear to have addressed this question. However, other federal courts continue to find that they have the inherent authority to order psychiatric examinations under appropriate circumstances. In *United States v. McSherry,* 226 F.3d 153 (2d Cir.2000), the defendant was charged with perjury, making false statements and obstruction of justice. The defendant gave notice pursuant to Rule 12.2 of his intent to introduce expert testimony concerning his mental state. The district court then ordered defendant to submit to a mental examination by prosecution experts. *Id.* at 155. The defendant refused and ultimately elected not to have his own experts testify. *Id.* After being convicted, he argued on appeal that the district court's order went beyond what was permitted by Rule 12.2. In affirming the conviction, the Second Circuit stated:

We need not decide whether the order in this case was expressly sanctioned by Rule 12.2, because we conclude (1) that that Rule is not an exclusive source of the power to order a mental examination; (2) that the Rule does not extinguish a trial court's inherent power to order a mental examination under appropriate circumstances, and (3) that the district court in this case properly exercised that inherent power.

*Id.* The court cited decisions from various federal circuits and concluded that a mental examination can be ordered "on the basis of a federal court's inherent power to 'supervise the administration of criminal justice in order to ensure fundamental fairness.'" *Id.* at 155–56 (*quoting United States v. Baird,* 414 F.2d 700, 710 (2d Cir.1969)).

The Fifth Circuit came to the same conclusion two years earlier in *United States v. Webster,* 162 F.3d 308 (5th Cir.1998). While agreeing with the defendant that the district court lacked statutory authority to order a psychiatric examination, the court held that such power has long been recognized as being among inherent powers possessed by a federal court. *Id.* at 339. The court further held that the Federal Rules of Criminal Procedure do not preempt any inherent power "if the rules do not exclude the exercise of the specific putative inherent power." *Id.* The court upheld the district court's order as being an appropriate exercise of its inherent authority. *Id.* at 339–40.

Finally, this court has previously recognized that the prosecution may have its own expert conduct a mental health evaluation to challenge another expert's opinion for sentencing purposes. *See United States v. Beiermann,* 584 F.Supp.2d 1167, 1178–79 (N.D.Iowa 2008) (pointing out that if the prosecution wanted to challenge the court-appointed expert's opinion, it could

have requested further examination of the defendant by its own expert). Defendant has not cited, and the court has not located, any contrary authority. The court concludes that it does have the power to grant the Government's motion and require defendant to undergo a psychiatric examination under appropriate circumstances.

### B. Is a Psychiatric Evaluation Appropriate in this Case?

■ Having concluded that it *may* order a psychiatric evaluation, the court must still decide if it *should* do so in this case. Defendant elected to be evaluated by Dr. Terry Davis, a mental health professional of his choosing. Based on this evaluation, Dr. Davis determined that defendant "was suffering from a severe Major Depressive Disorder at the time of the robberies that impaired his judgment and diminished his capacity to fully appreciate the wrongfulness of his [acts]." Defendant intends to use this opinion as mitigating evidence for purposes of sentencing. Thus, defendant has elected to put at issue his mental condition at the time of the offenses.

Having made this decision, defendant cannot deprive the Government of the opportunity to explore and address the issue, if it so chooses. Courts have noted that with psychiatric opinion evidence, in particular, "the only effective rebuttal ... is contradictory opinion testimony." *United States v. Byers,* 740 F.2d 1104, 1114 (D.C.Cir.1984). And, indeed, while objecting to the Government's request for a psychiatric examination, the defendant has not explained what other methods, if any, might be available for the Government to address Dr. Davis' opinions.

In *McSherry,* the district court made the following finding in deciding to compel a mental examination: "On the facts of this case that are before me, I find that there's no realistic way for the government to address the proposed expert testimony of the defense without an examination of the defendant." *McSherry,* 226 F.3d at 156. The court makes the same finding in this case. Defendant has undergone psychiatric evaluation and intends to present expert opinion evidence concerning his mental health at the time he committed the acts at issue. Fairness dictates that the Government be permitted to address that evidence by arranging for its own psychiatric evaluation of defendant. No unfair prejudice will result to defendant if the Government is permitted to proceed with such an evaluation.

### CONCLUSION

The Government's motion (Doc. No. 40) is hereby **granted.** Defendant shall submit to a psychiatric examination by an appropriate mental health professional at the Federal Medical Center in Springfield, Missouri, or such other suitable facility the Government may choose. The examination shall be at the Government's expense and shall be arranged as quickly as is reasonably possible so as to avoid unnecessary delay in the completion of defendant's sentencing. The scope and purpose of the examination shall be limited to addressing the opinions and conclusions contained in the report of Dr. Terry Davis.

Because defendant is in custody, the Government shall be responsible for making appropriate arrangements with the Attorney General and the United States Marshal for the secure transportation of defendant for purposes of undergoing the psychiatric evaluation. Upon receipt of the mental health professional's written report concerning defendant, the Government shall (a) notify the court and (b) provide a full and complete copy of the report to defendant's counsel.

The completion of defendant's sentencing hearing, currently scheduled for August 14, 2012 (Doc. No. 43), is hereby

**continued.** The court will reschedule the sentencing hearing at a later date upon being notified that the Government has received the mental health professional's written report.

**IT IS SO ORDERED.**