# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3254/02-1810

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Dale Conrad McQuiston, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 18, 2002

Filed: October 7, 2002

_____

Before BOWMAN, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Dale McQuiston appeals from the district court's[1] denial of his motion to correct or modify its judgment, which held that the restitution order imposed at sentencing did not violate the Ex Post Facto Clause. McQuiston argues that the restitution order violated the Ex Post Facto Clause because he was not notified of his restitution obligation by certified mail, pursuant to the law which he claims existed at the time he committed his crimes. We affirm the judgment of the district court.

_____

[1]The late Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

McQuiston was convicted of four counts of bank robbery and possession of a firearm during a crime of violence based on incidents that occurred between March and August, 1987. He was sentenced on November 6, 1992 to 780 months imprisonment, of which 480 months were required as mandatory minimum sentences. At sentencing, the Assistant United States Attorney requested that McQuiston be ordered to pay restitution in addition to his prison sentence, since under the Inmate Financial Responsibility Program inmates earning income could be required to pay fines and restitution. Although the district judge was not sure whether McQuiston would have sufficient funds to pay restitution, he noted that McQuiston had sold a number of paintings while serving previous prison terms. After imposing the sentence of imprisonment, the district judge ordered McQuiston in open court to pay restitution to the three banks involved in the robberies, the Bank of Mena in the amount of $18,436, the Elkorn Bank and Trust Company of Arkadelphia in the amount of $9,532, and U.S.F.&G. of Fort Smith in the amount of $30,049, as authorized by the Victim and Witness Protection Act, 18 U.S.C. § 3663 (Supp. IV 1992). McQuiston appealed, and we affirmed the conviction and sentence of the district court, including the restitution order. United States v. McQuiston, 998 F.2d 627 (8th Cir. 1993).

On July 14, 2001, McQuiston signed an inmate financial contract in which he promised to make quarterly payments of twenty-five dollars in satisfaction of the 1992 restitution order. On August 13, 2001, McQuiston filed a motion to correct or modify his sentence under the former version of Fed. R. Crim. P. 35(a), which applies to offenses, such as McQuiston's, committed before November 1, 1987. Under this rule, the district court "may correct an illegal sentence at any time." The district court denied the motion, and McQuiston filed this appeal.

We review a decision of the district court on a motion under the former Rule 35(a) for abuse of discretion. United States v. Gruenberg, 53 F.3d 214, 215 (8th Cir. 1995).

McQuiston does not contend that the restitution order itself is illegal; indeed, it has already been affirmed by this court. See McQuiston, 998 F.2d at 629. Nor does he argue that the amount of restitution exceeds the level permissible under the Victim and Witness Protection Act. Rather, McQuiston contends that the procedures through which the government enforced this restitution order violated the Ex Post Facto clause. U.S. Const. art. I, § 9. More specifically, McQuiston claims he was entitled to certified mail notice of his obligation to pay restitution before its enforcement under the version of 18 U.S.C. § 3612(d) (Supp. IV. 1986) that he alleges was in effect when he committed his crimes in 1987. The government did not provide him with this notice because the procedural requirements for enforcing restitution orders in effect at the time of McQuiston's sentencing no longer required such notice. See 18 U.S.C. § 3612(d) (1988).

A criminal statute violates the Ex Post Facto Clause if it is applied retroactively to events occurring before its enactment and either alters the definition of criminal conduct or increases the punishment for a crime. Lynce v. Mathis, 519 U.S. 433, 441 (1997). McQuiston argues that the government's application of the version of § 3612(d) in effect in 1992 violated the Ex Post Facto Clause because the failure to provide certified mail notice made the restitution order more burdensome and effectively imposed a more severe punishment than would have been imposed under the law as it existed when he committed his crimes. However, McQuiston's Ex Post Facto claim is predicated on whether he had a right to certified mail notice under the version of § 3612(d) that was in effect when he committed his crimes from March to August, 1987. We conclude that he did not.[2]

_____

[2]Even if we assume that at one time McQuiston had a statutory right to certified mail notice, we would nevertheless reject his argument that the elimination of a certified mail notice requirement as a part of post-sentencing enforcement procedures makes the restitution order more severe when it did not affect the amount of restitution ordered. The Supreme Court has stated in Dobbert v. Florida, 432 U.S. 282, 293 (1977), that "even though it may work to the disadvantage of a defendant,

First, 18 U.S.C. § 3612 as a whole referred only to criminal fines, not restitution, until Congress enacted the Mandatory Victim Restitution Act in 1996. This act amended § 3612 and explicitly extended its scope to include restitution in addition to fines, but it is effective only with respect to convictions that occurred after April 24, 1996. See Pub. L. No. 104-132, § 207, 110 Stat. 1237 (1996); S. Rep. No. 104-179, at 18 (1996) (stating that the 1996 amendments were designed to extend § 3612 to include restitution orders). These amendments imply that for convictions before this date, § 3612 applied only to the collection of criminal fines, not restitution. Since McQuiston's conviction, sentencing, and crimes all occurred well before the effective date of these amendments, § 3612 did not apply to the restitution order imposed by the district court in 1992.

Second, the version of § 3612(d) that provided for certified mail notice upon which McQuiston relies was not in effect when he committed his crimes. Although at one time § 3612(d) did entitle a person who was delinquent in paying a fine to certified mail notice of this delinquency, 18 U.S.C. § 3612(d) (Supp. V 1987),[3] this version was enacted as part of the Sentencing Reform Act of 1984, see Pub. L. 98-473, § 212(a)(2), 98 Stat. 2004, 2005 (1984), and became effective prospectively only with respect to crimes committed after November 1, 1987. See Pub. L. 98-473, §

---

a procedural change is not *ex post facto*." Id. at 293. Although the Court later ruled that a statute cannot escape the reach of the Ex Post Facto clause just because it has been labeled "procedural," it also held that a procedural change can only fall within the scope of this clause if it affects the definition of a crime, the quantum of punishment, or a defense to a crime, not merely because it "alters the situation of a party to his disadvantage." See Collins v. Youngblood, 497 U.S. 37, 46, 50-52 (1990).

[3]This statute provided, in part, "Within ten working days after a fine is determined to be delinquent as provided for in section 3572(h), the Attorney General shall notify the person whose fine is delinquent, by certified mail, to inform him that the fine is delinquent." 18 U.S.C. § 3612(d) (Supp. V 1987).

235(a)(1), 98 Stat. 2031, <u>amended by</u> Pub. L. 99-217 § 2(a), 99 Stat. 1728 (1985). The only version of § 3612 that was in effect when McQuiston committed his crimes, the version which he argues should have been applied to his restitution order, nowhere mentions certified mail notice. Rather, before November 1, 1987, 18 U.S.C. § 3612 addressed the handling of bribe moneys received in evidence after the conclusion of federal trials. <u>See</u> 18 U.S.C. § 3612 (1982). McQuiston is correct in asserting that in 1988, Congress amended § 3612(d) to eliminate the requirement of certified mail notice. <u>See</u> Pub. L. No. 100-690, § 7082(d), 102 Stat. 4408 (1988). However, since McQuiston committed his crimes between March and August, 1987, before the effective date of the certified mail notice provision, he had no right to certified mail notice that was affected by this amendment.

Finally, McQuiston also relies on Pub. L. No. 98-473, § 237(a)(1), 98 Stat. 2033 (1984) in contending that he was entitled to certified mail notice of his restitution order. McQuiston mistakenly identifies this law as the "former version" of §3612(d) that was subsequently amended to eliminate certified mail notice. In fact, section 237(a)(1) has not been eliminated or amended. <u>See</u> 18 U.S.C. § 3612 (2000).[4] However, it is clear that section 237(a)(1) does not apply in this case. Section 237(a)(1) only provides for certified mail notice "for each criminal fine for which the unpaid balance exceeds $100 as of the effective date of this Act" and specifies that this notice must be provided within one hundred and twenty days of this date. 98 Stat. 2033. Since section 237(a)(1) forms part of the Sentencing Reform Act of 1984, Pub. L. 98-473, §§ 211-239, 98 Stat. 1987-2040, the "effective date" referred to by this provision is November 1, 1987, the effective date of the Sentencing Reform Act. Thus the scope of this provision is clearly limited by its language only to fines that were outstanding and unpaid as of November 1, 1987. McQuiston's sentencing did

---

[4]The confusion in this case about the status of section 237 of Pub. L. 98-473 can probably be traced to the fact that section 237 was never codified. Rather, it was, and still is, set out as a note following § 3612. <u>See</u> 18 U.S.C. § 3612 (2000).

not take place until five years later; therefore, he has no right to certified mail notice under section 237(a)(1).

Since McQuiston was not entitled to certified mail notice of his restitution obligation under the law in effect either when he committed his crimes or when he was convicted and sentenced, he cannot claim that the government's failure to provide such notice deprived him of any right or unfairly burdened him in any way. Consequently, the Ex Post Facto Clause is not implicated in this case, and the district court did not abuse its discretion by denying McQuiston's motion to correct or modify his sentence. Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.