UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

VERNON A. COLLINS,
            *Defendant-Appellant.*

No. 03-7639

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-87-338-HAR; CA-02-969-CCB)

Submitted: March 15, 2004

Decided: April 22, 2004

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed in part and remanded in part by unpublished per curiam opinion.

## COUNSEL

Vernon A. Collins, Appellant Pro Se. Jonathan Mark Mastrangelo, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vernon A. Collins appeals the district court's denial of his motion to correct an illegal sentence under former Fed. R. Crim. P. 35(a). We review a district court's decision to deny a motion to correct an illegal sentence under Rule 35(a) for abuse of discretion. *See United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990); *United States v. McQuiston*, 307 F.3d 687, 689 (8th Cir. 2002). A motion challenging an illegal sentence under former Rule 35(a) may be brought only when the sentence imposed exceeds the statutory limits, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory. *See United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992).

Collins asserts the district court erred when it concluded his claim that he received an improper sentence enhancement under 18 U.S.C. § 924(e) (1982) was not cognizable under Rule 35(a). Collins argued he did not have three requisite predicate convictions because he had been unlawfully denied access to an attorney for one of the offenses, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). Because Collins has not asserted his sentence, as enhanced under § 924(e), exceeds statutory maximums, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory, we conclude the district court did not abuse its discretion when it denied Collins's Rule 35 motion on this claim and affirm this aspect of the district court's order.

Collins also argues his sentence violates the Double Jeopardy Clause because he was sentenced on two counts under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon even though both firearms were seized at the same time.

We do not address Collins's Double Jeopardy claim because Collins's two convictions and sentences under § 922(g) violate the rule in *Ball v. United States*, 470 U.S. 865 (1985). In *Ball*, the defendant was convicted of both receiving a firearm in violation of § 922(h) and possessing a firearm in violation of 18 U.S.C.App. § 1202(a)(1). *Ball*, 470 U.S. at 864. The Supreme Court examined the legislative intent of the two statutes and determined that Congress did not intend for

simultaneous prosecution under both. 470 U.S. at 864. The court went on to state:

> Having concluded that Congress did not intend petitioner's conduct to be punishable under both §§ 922(h) and 1202(a), the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions. The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense.

*Ball*, 470 U.S. at 864.

In *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998), this court held that the unlawful possession of more than one firearm at the same time supports only one conviction under § 922(g). The court reached this conclusion by applying the rule that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Dunford*, 148 F.3d at 390 (quoting *Bell v. United States*, 349 U.S. 81, 84 (1955)) (internal quotations omitted). Under *Dunford*, the district court erred when it sentenced Collins on two separate counts of § 922(g).

We therefore conclude the district court abused its discretion in denying Collins's motion to correct an illegal sentence on this ground. Under *Ball*, the appropriate remedy is to remand the case to the district court to allow the district court to exercise its discretion to vacate one of the convictions and resentence the defendant. *See Ball v. United States*, 470 U.S. 856, 864-65, (1985). Accordingly, we remand this portion of the district court's order for it to vacate one of the § 922(g) convictions and resentence Collins. The balance of the order of the district court is affirmed.

For the foregoing reasons, we affirm in part, and remand in part for the district court to vacate one of Collins's § 922(g) convictions and resentence Collins consistent with this opinion. Because a certificate

of appealability is not required for this appeal, we deny Collins's motion for a certificate of appealability as unnecessary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*REMANDED IN PART*