**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-6869**

—————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ALBERT CHARLES BURGESS, JR.,

                Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:09-cr-00017-GCM-DLH-1)

—————

Submitted: August 30, 2012       Decided: September 10, 2012

—————

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Albert Charles Burgess, Jr., Appellant Pro Se. Thomas Richard Ascik, Assistant United States Attorney, Asheville, North Carolina; Cortney Escaravage, Kimlani M. Ford, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., appeals from the district court's orders denying his motions to correct or amend sentence, to preserve evidence, for a new trial, and to cease collection of restitution, and the motion filed by Burgess' standby counsel seeking authorization for additional fees. We affirm.

On appeal, we confine our review to the issues raised in the appellant's brief. See 4th Cir. R. 34(b). Because Burgess' informal brief does not challenge the district court's order denying the motion by standby counsel seeking authorization for additional fees, Burgess has waived appellate review of that order.

We find no abuse of discretion in the district court's orders denying Burgess' motions under Fed. R. Crim. P. 35(a) to correct or amend sentence. United States v. McQuiston, 307 F.3d 687, 689 (8th Cir. 2002) (stating standard of review). It is well established that a motion brought under Rule 35(a) is limited to the correction of an illegal sentence. Hill v. United States, 368 U.S. 424, 430 (1962). A sentence is illegal if the punishment imposed was in excess of that prescribed by the relevant statutes, multiple terms were imposed for the same offense, or the terms of the sentence itself were legally or constitutionally invalid in any other respect. Id. This Court has interpreted Hill's third basis for a Rule 35(a) motion —

2

sentences that are legally or constitutionally invalid in any other respect — to implicate only sentences that are "ambiguous or internally contradictory." United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992). Burgess' allegations do not meet any of these requirements.

We also find no error in the district court's denial of Burgess' motion to preserve evidence. The Federal Rules of Criminal Procedure do not provide for motions to preserve evidence in the possession of non-parties for use in support of a criminal defendant's potential collateral claim of actual innocence. Burgess did not identify any constitutional, statutory, or other authority providing for such a motion or relief in the form of an evidentiary preservation order and, in any event, he did not establish that any irreparable harm would result from the failure to issue an evidentiary preservation order.

We further find no abuse of discretion in the district court's denial of Burgess' motion for a new trial predicated on the Government's alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), because the allegedly undisclosed evidence on which Burgess relies is not material and was not withheld in violation of Brady. See United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001) (stating that a defendant may secure a new trial on the ground that the prosecution contravened its

3

obligations under Brady by showing that (1) the undisclosed evidence was favorable to him; (2) the evidence was material; and (3) the prosecution possessed the evidence, yet failed to disclose it).

Finally, because this Court recently vacated the district court's previously-imposed order of restitution and remanded for further proceedings, United States v. Burgess, 684 F.3d 445, 448, 460 (4th Cir. 2012), Burgess' motion to cease collection of restitution is now moot. See Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (setting forth the principles of appellate mootness).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED