998 F.2d 627
 UNITED STATES of America, Appellee,
v.
Dale Conrad McQUISTON, also known as Edward J. Galuszka,
Jr., also known as John Jeffrey, also known as
John Jeffrey Herring, also known as
David Brono Gniewck, Appellant.
 No. 92-3666.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1993.
Decided July 15, 1993.
 
 Steven D. Oliver, Hot Springs, AR, for appellant.
 Mark W. Webb, Fort Smith, AR, for appellee.
 Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Dale Conrad McQuiston appeals his convictions on four counts of bank robbery, 18 U.S.C. §§ 2113(a) & (b) (1988), and four counts of possession of a firearm during a violent crime, 18 U.S.C. § 924(c) (Supp. III 1991). The district court[1] sentenced McQuiston to 780 months imprisonment, and ordered him to pay a special assessment of $400 and restitution of $58,017. McQuiston raises a wide array of arguments, claiming that the district court erred in refusing: to sever the counts, to dismiss the gun counts as vindictive prosecution and double jeopardy, to suppress McQuiston's confession, to order a magnetic resonance imaging test and psychiatric examination, and to accept into evidence a periodical article McQuiston proffered. McQuiston also attacks his prison sentence as an Eighth Amendment violation, and the restitution order as error. We affirm the judgment and sentence.
 
 
 2
 We need only recite the bare outline of the evidence against McQuiston. There were four bank robberies at two Arkansas banks on March 3, May 13, June 19 and August 18, 1987. Witnesses identified McQuiston as the robber in all four crimes. In every robbery McQuiston used a gun to threaten the bank tellers.
 
 
 3
 The jury convicted McQuiston of four counts of bank robbery and four counts of use of a firearm in committing a violent crime. The court sentenced McQuiston to 300 months on each of the bank robbery counts, to be served concurrently; and 120 months on each of the four gun counts, each to be consecutive to each other and to the bank robbery counts, making a total of 780 months.
 
 
 4
 McQuiston complains that he was prejudiced by the court's refusal to sever each bank robbery charge for trial because the jury was aware of evidence of other crimes when deliberating on each charge and because the evidence of serial robberies discredited his insanity defense. He relies on United States v. Foutz, 540 F.2d 733 (4th Cir.1976). In this case, unlike Foutz, McQuiston carried out each of the robberies in such similar ways that the evidence of the other robberies would have been admissible to prove McQuiston's identity, even if the charges had been severed. See Fed.R.Evid. 404(b). We see no abuse of discretion in the district court's refusal to sever. See United States v. Murdock, 928 F.2d 293, 298 (8th Cir.1991).
 
 
 5
 McQuiston complains that prosecuting him for robbery and use of a weapon during a violent crime for the same incidents constitutes double jeopardy. We have already determined it does not. United States v. Halford, 948 F.2d 1054, 1056 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1700, 118 L.Ed.2d 410 (1992); United States v. Doffin, 791 F.2d 118, 120-21 (8th Cir.), cert. denied, 479 U.S. 861, 107 S.Ct. 210, 93 L.Ed.2d 140 (1986).
 
 
 6
 McQuiston's argument that the district court should have dismissed the weapons charges because they were brought vindictively is groundless, since he alleges no facts sufficient to support such allegations. See Luna v. Black, 772 F.2d 448, 449-50 (8th Cir.1985) (per curiam).
 
 
 7
 McQuiston's argument for suppressing his confession seems to be that he was insane when he confessed. Under Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986), even if he were insane (which is highly dubious, on the record before us), there would be no grounds for suppressing the confession absent police misconduct, which McQuiston does not allege.
 
 
 8
 The district court did not abuse its discretion in failing to order a magnetic resonance imaging test and further psychiatric examinations for McQuiston. The district court ordered one examination, which the parties agree concluded that McQuiston had no severe mental disease or defect. McQuiston had been evaluated six times previously between 1989 and 1992. He relies on the testimony of Dr. David Reutherfors, who at one time indicated that McQuiston showed signs of debilitating mental illness. However, Reutherfors ultimately concluded that McQuiston had been malingering to some extent. Other psychologists also concluded that he was malingering. We see no abuse of discretion in refusing to order another examination or an MRI to test for brain damage. See United States v. Lincoln, 542 F.2d 746, 748-49 (8th Cir.1976), cert. denied, 429 U.S. 1106, 97 S.Ct. 1138, 51 L.Ed.2d 558 (1977); United States v. Maret, 433 F.2d 1064, 1067-68 (8th Cir.1970), cert. denied, 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971).
 
 
 9
 The periodical article McQuiston proffered dealing with the medical effects of inhalants was not offered in connection with any witness's testimony. See Fed.R.Evid. 803(18). The trial court did not abuse its discretion in rejecting the exhibit.
 
 
 10
 Finally, the sentence and the restitution order are neither unconstitutional nor an abuse of the district court's discretion. See United States v. Manuel, 944 F.2d 414, 417 (8th Cir.1991); Means v. United States, 961 F.2d 120, 121 (8th Cir.1992). We will not disturb them.
 
 
 11
 We affirm the judgment and sentence.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas